UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Tammy Levasseur

    v.

Nancy A. Berryhill, Acting
Commissioner, Social Security
Administration

Civil No. 16-cv-431-JL
Opinion No. 2018 DNH 061

**ORDER ON APPEAL**

Tammy Levasseur appeals the Social Security Administration's ("SSA") denial of her application for disability benefits. An Administrative Law Judge ("ALJ") found that Levasseur suffered from the following severe impairments: degenerative disc disease of the lumbar spine, osteoarthritis, diabetes mellitus and obesity. The ALJ ultimately found that Levasseur was not disabled within the meaning of the Social Security Act because she could return to her past work as an audit clerk. Alternatively, the ALJ found that Levasseur was not disabled because she has sufficient residual functional capacity ("RFC") to work at jobs that exist in significant numbers in the national economy. See 42 U.S.C. § 423(d)(2)(A).

The SSA Appeals Council subsequently denied Levasseur's request for review of the ALJ's decision, rendering the ALJ's

decision final.  Levasseur timely appealed to this court, pursuant to 42 U.S.C. § 405(g).  In due course, Levasseur moved to reverse the SSA's decision and the SSA's Acting Commissioner moved to affirm the denial of benefits.

Levasseur argues on appeal that the ALJ erred by improperly assessing medical evidence and thus failing to consider the limitations created by her pain, migraines, depression and medication side effects.  As a result, she argues, the ALJ improperly determined her RFC, incorrectly found that she could return to her former job, and erred in making an alternative finding that Levasseur had transferable skills sufficient to perform certain specific jobs.

After consideration of the parties' arguments and the administrative record, the court finds that the ALJ failed to give sufficient weight to the opinions of Levasseur's treating neurologist with respect to her migraines, their effect on her ability to work, and the side effects of medications taken to relieve migraine symptoms.  The ALJ also failed to properly consider a functional capacity report prepared by Levasseur's physical therapist.  Moreover, this information was not reviewed by the state agency consultant whose opinions the ALJ relied on and the ALJ failed to adequately account for them.  These

failures amount to reversible error.  Levasseur's motion is therefore granted.  The Assistant Commissioner's motion is denied and the matter is remanded for further consideration.

I.   **Standard of Review**

The court's review of SSA's final decision "is limited to determining whether the ALJ used the proper legal standards and found facts upon the proper quantum of evidence."  Ward v. Comm'r of Soc. Sec., 211 F.3d 652, 655 (1st Cir. 2000).  The ALJ's decision will be upheld if it is supported by substantial evidence, that is, "such evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotations omitted).  This is less evidence than a preponderance but "more than a mere scintilla."  Id.; Consolo v. Fed. Mar. Comm'n, 383 U.S. 607, 620 (1966).  The possibility of drawing two inconsistent conclusions from the evidence does not preclude a finding of substantial evidence.  Consolo, 383 U.S. at 620.  Accordingly, the ALJ's resolution of evidentiary conflicts must be upheld if supported by substantial evidence, even if contrary results are supportable.  Rodriguez Pagan v. Sec'y of Health & Human Servs., 819 F.2d 1, 2 (1st Cir. 1987).  The court next turns to the ALJ's decision.

**II. Background**[1]

In analyzing Levasseur's benefit application, the ALJ invoked the required five-step process. See 20 C.F.R. § 416.920. First, he concluded that Levasseur had not engaged in substantial work activity after the alleged onset of her disability on July 2, 2013.[2] Next, the ALJ determined that Levasseur suffered from several severe impairments: degenerative disc disease of the lumbar spine, osteoarthritis, diabetes mellitus and obesity.[3] See 20 C.F.R. § 416.1520(c). At the third step, the ALJ concluded that Levasseur's impairments -- either individually or collectively -- did not meet or "medically equal" one of the listed impairments in the Social Security regulations.[4] See 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526. The ALJ next found that Levasseur had the RFC to perform sedentary work, with the modification that she can not

---

[1] The court recounts here only those facts relevant to the instant appeal. The parties' more complete recitation in their Joint Statement of Material Facts is incorporated by reference. See L.R. 9.1(d).

[2] Admin. Rec. at 11-12.

[3] Id. at 12.

[4] Id.

climb ladders, ropes or scaffolds, and is unable to use her hands or feet for pushing or pulling. In addition, the ALJ found that Levasseur is able to engage in all other postural maneuvers on an occasional basis and should avoid all exposure to unprotected heights, hazards and dangerous machinery.[5] See 20 C.F.R. §§ 404.1567(a) and 416.967(a). The ALJ then concluded, at step four of the process, that Levasseur could perform her past relevant work as an audit clerk, despite the limitations in her RFC.[6] See 20 C.F.R. § 404.1565.

In the alternative, the ALJ proceeded to step five, at which the SSA bears the burden of showing that a claimant can perform other work that exists in the national economy. Freeman v. Barnhart, 274 F.3d 606, 608 (1st Cir. 2001). Here, the ALJ, considering Levasseur's age, education and work experience, using the Grid as a framework, concluded Levasseur could perform jobs which exist in the regional and national economy, such as telephone solicitor, appointment clerk, and food checker.[7] Accordingly, the ALJ found Levasseur not disabled within the meaning of the Social Security Act.

---

[5] Id. at 13.

[6] Id. at 17.

[7] Id. at 18-19.

**III. Analysis**

Levasseur first argues that the ALJ improperly assessed her pain, the side effects of pain medication and her migraines and depression.[8] She specifically alleges that the ALJ improperly weighed the opinion of her treating neurologist, Dr. John Pettinato, treating nurse Kim Keaton, and physical therapist Rachel Heath. The court agrees with respect to Pettinato and Keaton, and, as explained below, remands on that basis.

In April 2015, Dr. Pettinato completed a headache questionnaire diagnosing migraine headaches without aura.[9] He opined that she suffered severe pain with phonophobia and photophobia (the need to avoid light and sound).[10] He further indicated that Levasseur typically has 1-2 or fewer headaches per week, lasting 24-48 hours.[11] Dr. Pettinato concluded that when claimant had such a headache she might miss an entire day

---

[8] Pltff. Mot., doc. no. 8, at 3.

[9] Admin. Rec. at 424-29.

[10] Id. at 424.

[11] Id. at 425.

of work, and that, as a result, she would probably be absent from work three times per month.[12]

The ALJ significantly discounted the probative value of Dr. Pettinato's opinion, giving it "very little weight, as it is not supported by any objective medical evidence."[13]  The court finds that in so doing, the ALJ erred.

When weighing medical opinions, the Commissioner will "[g]enerally . . . give more weight to opinions from . . . treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence . . . ." 20 C.F.R. § 404.1527(c)(2).  If the Commissioner finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [a claimant's] case record," it is given controlling weight.  Id.

---

[12] Id. at 428.

[13] Id. at 18.

7

When an ALJ does not give controlling weight to the opinion of a treating source, he must determine how much weight to give it by applying the following factors: (1) the length of the claimant's treatment relationship and the frequency of examination; (2) the nature and the extent of the treatment relationship; (3) the supportability of the opinion; (4) the consistency of the opinion with the record as a whole; (5) the specialization of the source who gave the opinion; and (6) other factors. See 20 C.F.R. §§ 404.1527(c)(2)-(6). Moreover, "[i]n many cases, a treating source's opinion will be entitled to the greatest weight and should be adopted, even if it does not meet the test for controlling weight." Social Security Ruling 96-2p, 1996 WL 374188, at *4 (S.S.A. July 2, 1996). Ultimately, the ALJ must "always give good reasons . . . for the weight [he] give[s] [a claimant's] treating source's opinion." 20 C.F.R. § 404.1527(c)(2). Those reasons must be "supported by evidence in the case record and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." SSR 96-2p, at 5.

Here, while the ALJ mentioned Dr. Pettinato's opinion, he did not indicate what that opinion was, or, more importantly,

how other medical evidence demonstrated inconsistency with his opinion that Levasseur had 1-2 or fewer headaches per week which could cause her to miss an entire day of work, or three days of work per month. Put another way, the ALJ's consideration of Dr. Pettinato's opinion lacked the specificity required by SSR 96-2p. See Larocque v. Colvin, 2015 DNH 102, 11-12 (conclusory statement that opinion was inconsistent with medical record did not amount to rationale supported by substantial evidence). Remand is required for the ALJ to properly evaluate Dr. Pettinato's opinion.

Relatedly, in formulating Levasseur's RFC, the ALJ gave "great evidentiary weight" to the opinion of non-examining state agency medical consultant Jonathan Jaffe, M.D., despite the fact that Jaffe did not review Dr. Pettinato's opinion or records or the functional capacity assessment of physical therapist Heath, who limited Levasseur to working 2-4 hours per day, a limitation that was never presented to the testifying vocational expert or made a part of the final RFC. See Admin. Rec. at 66-73; 369-375. An ALJ may rely on an RFC opinion of a non-examining consultant when the consultant has not examined the full medical record where the medical evidence postdating the reviewer's assessment does not establish any greater limitations, see

9

Strout v. Astrue, Civil No. 08–181–B–W, 2009 WL 214576, at *8-9 (D. Me. Jan. 28, 2009) (citing Rose v. Shalala, 34 F.3d 13, 18 (1st Cir.1994)), or where the medical reports of claimant's treating providers are arguably consistent with, or at least not "clearly inconsistent" with, the reviewer's assessment; see Torres v. Comm'r of Social Security, Civil No. 04–2309, 2005 WL 2148321, at *1 (D.P.R. Sept. 6, 2005) (upholding ALJ's reliance on RFC assessment of non-examining reviewer where medical records of treating providers were not "in stark disaccord" with the RFC assessment). Here, the reports of both Dr. Pettinato and physical therapist Heath contradict Dr. Jaffe's RFC determination. Moreover, the ALJ failed to even note the hourly limitation in his opinion or why the limitation did not detract from Dr. Jaffe's assessment. Cf. Nelson v. Colvin, 2016 DNH 067 12-13 (upholding ALJ's review of subsequent evidence where they established no "greater limitations" than those assessed by the state agency consultant).

## IV. Conclusion

Claimant's motion to reverse[14] is GRANTED. The Assistant Commissioner's motion to affirm[15] is DENIED.[16] This matter is remanded for further proceedings. The clerk shall enter judgment accordingly and close the case.

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated: March 20, 2018

cc: Karen B. Fitzmaurice, Esq.
    Terry L. Ollila, AUSA

---

[14] Doc. no. 8.

[15] Doc. no. 12.

[16] The court does not reach claimant's arguments regarding her back pain and depression because the ALJ's error in weighing the opinion evidence described above, standing alone, necessitates remand.